# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LORETTA J. SCOTT, | ] |
| Plaintiff, | ] |
| vs. | ]  CV-00-N-0922-S |
| CITY OF BIRMINGHAM, ET AL., | ] |
| Defendants. | ] |

**Memorandum of Opinion**

The court has thoroughly reviewed the record, the applicable law, and plaintiff's response to the court's show cause order of November 13, 2001 [Doc. # 34]. The court is convinced that the plaintiff's substantive due process/bodily integrity claim has no basis in the facts and allegations as set forth by the parties and is therefore due to be dismissed.

Plaintiff worked for a municipal corporation. She alleges that because she refused to sign an appraisal of her work performance until she had time to review it, her supervisor, the only defendant remaining in this case, became enraged. According to plaintiff, defendant confronted her, saying that plaintiff was "going to sign that damn form." Plaintiff asked her supervisor why he was cursing at her, and he "screamed" that he was not cursing at her but only because he wanted to. He informed plaintiff that she was "trying to keep [him] from doing his Goddamn job." During this confrontation, defendant clinched his teeth and raised his hand at plaintiff as though he was going to hit her.

The court has reviewed a number of cases from this and other circuits in which parties have raised substantive due process claims in regard to bodily integrity. *See, e.g.,*

*Neal ex re. Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069 (11th Cir. 2000); *Wudtke v. Davel*, 128 F.3d 1057 (7th Cir. 1997); *Bennett v. Pippin*, 74 F.3d 578 (5th Cir. 1996); *Stoneking v. Bradford Area School District*, 882 F.2d 720 (3rd Cir. 1989). After consideration of these cases, the court is of the opinion that the alleged actions of the defendant amount to nothing more than a possible state law claim for assault and do not rise to the level of a constitutional violation of plaintiff's substantive due process right to bodily integrity. Indeed, in her response to the court's show cause order, plaintiff totally failed to demonstrate any legal basis for such a constitutional violation.[1]

Based on the foregoing, the plaintiff's sole remaining federal claim, brought under 42 U.S.C. § 1983 for the alleged violation of plaintiff's substantive due process/bodily integrity, will be dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the remaining state law claims. As a result, the court is without subject matter jurisdiction and this case will be dismissed without prejudice. Plaintiff is reminded that federal law provides that the period of limitations in regard to her state law claims has been tolled during the pendency of this action in federal court and will continue to be tolled until thirty days after the entry of this order. *See* 28 U.S.C. § 1367(d) (2001). A separate order will be entered contemporaneously with this memorandum of opinion.

---

[1] To the extent that plaintiff attempted to support her position with case law and argument regarding discrimination, the court reminds plaintiff that the *only* federal claim remaining in her lawsuit relates to bodily integrity, not discrimination. *See* Doc. # 26-27.

Done, this __14th__ of December, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE